CRAIG CARPENITO
United States Attorney
By: SARAH DEVLIN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973)-645-2740
Sarah.Devlin3@usa.doj.gov

**UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **Hon.** |
| Plaintiff, | : | **Civil Action No. 20-** |
| v. | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| $1,077,955 IN UNITED STATES CURRENCY; and | : | |
| | : | |
| $24,764 IN UNITED STATES CURRENCY | : | |
| | : | |
| Defendants *in rem*. | | |

Plaintiff, United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey, (by Sarah Devlin, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

1

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America: $1,077,695 in United States currency and $24,764 in United States currency, pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code, and pursuant to 18 U.S.C. § 981(a)(1)(A), which subjects to forfeiture property that was involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 or 1957, or a conspiracy to commit such a violation, in violation of Section 1956(h).

**THE DEFENDANTS IN REM**

2. The defendant property consists of: 1,077,695 in United States currency and $24,764 in United States currency ("Defendant Property"), which the United States Border and Customs Protection ("CBP") seized on or about March 10, 2020 from Oral Bailey ("Bailey"). The Defendant Property is currently in the custody of the United States.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345, 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to this forfeiture took place in the District of New Jersey. Upon the filing of this Verified Complaint for Forfeiture *In Rem*, the Plaintiff requests that the Clerk of the Court issue a Warrant of Arrest *In Rem* pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Pursuant to 28 U.S.C. § 1395 this Court is the proper venue for this action because the Defendant Property is located within the District of New Jersey.

**BASIS FOR FORFEITURE**

6. The Defendant Property is subject to forfeiture (1) pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture to the United States all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code, and (2) pursuant to 18 U.S.C. § 981(a)(1)(A), which subjects to forfeiture property that was

3

involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 or 1957, or a conspiracy to commit such a violation, in violation of Section 1956(h).

## FACTS

7. On or about October 2018, members of Homeland Security Investigations, the Cherry Hill Police Department and Cherry Hill Prosecutor's Office (hereinafter collectively "law enforcement") began a narcotics investigation by meeting with a confidential source at a location in Camden County, New Jersey. This confidential source, (hereinafter the "CS"), identified several people associated with a drug trafficking and money laundering organization in the Camden County, New Jersey area. Information provided by the CS has been corroborated and proven to be reliable and in the past and has led to drug and money seizures and narcotic search warrants.

8. This CS identified an individual only known as "George" as a high ranking member of a Jamaican drug trafficking and money laundering organization (hereinafter "DTO") operating in Camden and throughout Camden County, New Jersey.

9. The CS identified "George" as the leader of this organization, and stated that George's role included coordinating money shipments from New Jersey to California. "George's" identity was later determined to be Oral Bailey.

10. In January 2019, law enforcement met with the same CS at a location in Camden County. The CS described "George" as a male of Jamaican descent, approximately 40 years old with a receding hairline and a beard. The

CS stated that "George" was in the United States illegally and was unsure of his true identity or his real name. The CS stated that he/she believes "George" uses his apartment as a "stash" location for the money this organization makes from its illicit narcotics trafficking. The CS reiterated that "George" is the leader of this organization and has numerous people he directs for drug distribution and money transportation. The CS stated that one of the main meeting spots for members of this organization is the Wildfire Lounge, 1020 Carl Miller Boulevard, Camden, New Jersey.

11. On or about September 2019, the CS reported that "George" was operating a white Mercedes bearing New Jersey registration M13KZA. Over the next few weeks, surveillance was conducted at the Cherry Hill Towers and law enforcement observed this white Mercedes parked in the parking lot.

12. During the week of February 16, 2020, law enforcement spoke with the CS who reported that he/she had personal knowledge of an exchange of United States currency that took place at the Wildfire Lounge. The CS reported that a male, who he/she identified as "Brownman," arrived at the Wildfire Lounge carrying Gucci luggage. The CS stated that "Brownman" was overheard talking to another individual about a sum of money. The CS stated that "Brownman" was also overheard saying that the money was for "George" and "she" would be picking it up. The CS saw a female approach "Brownman" and take possession of the Gucci luggage. The CS observed the black female load the Gucci luggage into a white Nissan Altima and depart the area. Law enforcement determined based on the investigation, the money inside the

Gucci luggage was proceeds generated from "George's" drug trafficking organization.

13. Over the next several days, law enforcement conducted surveillance at the Cherry Hill Towers. Based on surveillance, it was apparent that "George" was utilizing the Mercedes on a consistent basis.

14. On or about March 3, 2020, surveillance was conducted at the Cherry Hill Towers in the area of Apartment ▮▮▮. At approximately 7:25 am, "George" was observed walking from the area of Apartment ▮▮▮, while carrying a large, black, rolling suitcase. Because of the close quarters, law enforcement was not able to follow him onto an elevator and it is unknown where he took the suitcase. Later during the day, "George" was observed sitting in the driver's seat of the white Mercedes while parked in front of the Wildfire Lounge.

15. On or about March 10, 2020, surveillance was conducted at the Cherry Hill Towers. At approximately 10:43 a.m., a male was observed walking down the hallway towards Apartment ▮▮▮. This unknown male was carrying, what appeared to be a red shopping bag in his right hand and was dragging a black bag on the ground behind him. This black bag appeared to contain a large, heavy object. This unknown male was seen approaching the door for Apartment ▮▮▮.

16. At approximately 10:45 a.m., "George" was observed walking away from the area of apartment ▮▮▮. "George" was not carrying anything. Only a few minutes later, "George" was seen walking back towards Apartment ▮▮▮

6

and was now carrying a dark colored backpack. There are only two apartments at the end of this particular hallway. "George" who believed to be living in Apartment ▮▮▮.

17.    At approximately 11:00 a.m., law enforcement observed that the white Mercedes was parked in parking spot 108. As previously stated, this parking spot 108 is assigned to Apartment ▮▮▮. Both males remained inside the apartment for over one hour and no one else entered or exited.

18.    At approximately 11:00 a.m., the unknown male and "George" were observed walking away from the area of Apartment ▮▮▮. The unknown black male was carrying a green backpack and "George" was rolling a piece of luggage down the hallway.

19.    "George" was observed exiting the rear of the building and heading into the parking garage. "George" then loaded the rolling piece of luggage into the trunk area of the Mercedes, which was still parked in parking spot 108.

20.    At approximately 12:07, p.m., the Chery Hill Police Department conducted a motor vehicle stop on the Mercedes on Route 38 east after observing a moving motor vehicle violation. The driver identified himself as Reginold Ward and stated that he was on his way to Walmart. The driver appeared to be extremely nervous and began to video record the motor vehicle stop with his cellular telephone.

21.    While attempting to confirm the driver's identity, law enforcement asked him to exit the car. "George" exited the Mercedes and walked to the patrol vehicle. "George" began to lean on the hood of the car while holding his

7

cellular telephone in front of him. "George's" body-language indicated he was extremely nervous as he repeatedly wiped at his face and crossed and un-crossed his arms. Based on the circumstances, law enforcement asked the driver for consent to search the vehicle which he ultimately denied.

22.     At that time, a member of law enforcement arrived on location with his K9 partner, Pandora.  Law enforcement and Pandora then conducted an exterior K9 sniff of the Mercedes.  Following the exterior K9 sniff, law enforcement stated that his K9 partner provided a positive indication for the presence of narcotic odor.  At that time, law enforcement advised the driver of the positive K9 sniff.  Because the identity of the driver was in question, law enforcement detained him and placed him in handcuffs and was transported to the Cherry Hill Police Department.

23.     Among other things Pandora is trained to distinguish between uncirculated currency and currency that was commingled with one of the five controlled substances Pandora is trained to detect (methamphetamine, marijuana, cocaine, heroin, and ecstasy).

24.     At the time of the execution of the of the March 10, 2020 search warrant, K-9 Pandora had most recently been certified in narcotics detection in or about March 4, 2020, after successfully completing a training course conducted by the New Jersey Police Canine Association.

25.     Pandora has been re-tested and re-certified annually.

26.     On March 10, 2020 at 3:28 p.m., a court-ordered search warrant was ordered for the Mercedes.  Law enforcement executed the search warrant

on the 2016 Mercedes. During a search of the trunk, officers located a large, dark colored luggage bag, which further contained a large quantity of United States currency that was rubber-banded together and filled the entire bag. Law enforcement officers were able to positively identify the driver "George" as Oral Bailey (hereinafter "Bailey"). According to a criminal history search conducted by law enforcement, Bailey had an extensive criminal history with arrests in Pennsylvania, Maryland, and California for narcotics distribution.

27. Later on March 10, 2020, a court-ordered search warrant was executed for 2151 Route 38 Apt. ▇ Cherry Hill, New Jersey 08002. During a search of the residence the following was located: United States currency, two electronic money counting machines, a framed photograph of Oral Bailey, New Jersey MVC title for a 2016 Mercedes (VIN: 4JGED6EB2GA024517), one Audemars Piguet wrist watch, one Sony television, a handwritten ledger.

28. On March 11, 2020 law enforcement transported all of the United States currency that was seized from Bailey, the 2016 Mercedes, and the residence to Loomis Armored in Pennsauken, NJ in order to obtain an accurate count. The money seized from Bailey and the 2016 Mercedes totaled $1,077,955.00 in United States currency. Then the money seized from the residence was loaded into an electronic money counting machine which which reported a total of $24,764.00 in United States currency.

29. On or about March 10, 2020, the Camden County Prosecutor's office charged Bailey with violating New Jersey Statute (N.J.S.) § 2C:21-25A, transporting or possessing property that one knows, or a reasonable person

would believe, is derived from criminal activity, as well as N.J.S. § 2C:21-17(a)(1), using a false identity for the purpose of obtaining a benefit. The case is pending.

## FIRST CLAIM FOR FORFEITURE

30. The allegations contained in paragraphs 1 through 29 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein and made part hereof.

31. As a result of the foregoing, the Defendant Property is subject to forfeiture to the United States, pursuant to 21 U.S.C. § 881(a)(6), because the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance or is proceeds traceable to an exchange of moneys or other things of value furnished in exchange for a controlled substance in violation of Title 21, Subchapter I, of the United States Code.

## SECOND CLAIM FOR FORFEITURE

32. The allegations contained in paragraphs 1 through 29 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein and made part hereof.

33. As a result of the foregoing, the Defendant Property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and/or 1957 or a conspiracy to commit such a violation, in violation of Title 18, United States Code, Section 1956(h).

**WHEREFORE**, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the Defendant Property; that notice of this action be given to all persons who reasonably appear to be potential claimants to the property; that the Defendant Property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems proper and just.

Dated: September 28, 2020

                                              CRAIG CARPENITO
                                              United States Attorney

                                              s/ *Sarah Devlin*
                                By:   SARAH DEVLIN
                                              Assistant United States Attorney

## VERIFICATION

| | |
|---|---|
| **STATE OF NEW JERSEY** | : |
| | : ss |
| **COUNTY OF ESSEX** | : |

I, William H. Pullen, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Department of Homeland Security, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that, as to those matters herein stated to be alleged on information and belief, I believe them to be true.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States, information supplied to me by other law enforcement officers, and my own investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2020.

_____
William H. Pullen, Special Agent
Homeland Security Investigations

CRAIG CARPENITO
United States Attorney
By: SARAH DEVLIN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973)-645-2740
Sarah.Devlin3@usa.doj.gov

**UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **Hon.** |
| Plaintiff, | : | |
| v. | : | **Civil Action No. 20-** |
| $1,077,955 IN UNITED STATES CURRENCY; and | : | **WARRANT FOR ARREST IN REM** |
| $24,764 IN UNITED STATES CURRENCY | : | |
| | : | |
| Defendants *in rem*. | : | |

TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, HOMELAND SECURITY INVESTIGATIONS AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on September 28, 2020, in the United States District Court for the District of New Jersey, alleging that the defendant property, namely $1,077,955 in United States currency and $24,764 in United States currency is subject to seizure and forfeiture to the United States for the reasons set forth in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *In Rem* must be delivered to a person or organization authorized to execute it, who may be an agent with the United States Department of Justice, or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose;

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____                     _____
                                                   Clerk of the Court


                                   By:   _____
                                         Deputy Clerk

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$1,077,955 in United States currency and $24,764 in United States currency, Defendants in rem.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sarah Devlin Assistant U.S. Attorney
United States Attorney's Office, 970 Broad St., Suite 700
Newark, New Jersey 07102    Tel.: (973) 645-2740

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question *(U.S. Government Not a Party)*
[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | |
| | | | | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881 (a)(6) and 18 U.S.C. § 981(a)(1)(A)
Brief description of cause:
Forfeiture of proceeds of narcotic trafficking offenses

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 09/28/2020
SIGNATURE OF ATTORNEY OF RECORD: s/ Sarah Devlin

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

Print   Save As...   Reset